## SUPREME COURT.

### CAHOON agt. THE BANK OF UTICA.

A cause of action for the recovery of money, can not be joined with one for specific relief, even though they arise out of the same state of facts.

Misjoinder and duplicity do not depend upon the fact that two or more causes of action are *well* stated; all but one may be defectively and insufficiently stated and yet the pleading be double.

(*This case agrees with Alger agt. Scoville*, 6 *How. Pr. R.* 131.)

*Oswego General Term, May* 1851. This action was brought by the assignees of S. W. Brown to compel the bank to pay over a surplus it had received on a mortgage, the property of Brown, pledged by him as collateral security, for notes of Brown & Rossiter, and to require the delivery of the notes to Brown's assignees.

The plaintiffs are general assignees of Stephen W. Brown, who died soon after the assignment and before the action was brought.

Cahoon agt. The Bank of Utica.

Brown in his life time was a mercantile copartner with one Rossiter. This firm was indebted to the Bank of Utica on its promissory notes for three thousand dollars. Brown, one of the firm, deposited with the bank, as collateral security for the payment of the notes at maturity, a mortgage, his own private property, for $3000, and some interest. The firm of Brown & Rossiter was dissolved by Rossiter's death, before the notes fell due. The notes were not paid at maturity, and the bank collected the entire amount of the mortgage, which exceeded that of the notes. This action was brought by Brown's assignees to recover the excess and to require the delivery of the notes to be made available against Rossiter's administrators, in the settlement of the partnership matters.

To the complaint setting forth these facts the defendant demurs, on the ground that the plaintiff can not have judgment for the excess in money, and for the delivery of the notes in the same action.

A. Loomis, *for Plaintiffs.*

Ward Hunt, *for Defendants.*

Gridley, Justice.—It is manifest that this is the union of a demand for money had and received, with a claim which, under the former practice, would have been the foundation of a bill in chancery, to compel the delivery of the notes. The two kinds of relief are *prayed for,* viz: *the payment of the money,* and the *delivery of the notes.*

1. The causes of action require different *trials.* The money demand is triable by jury, and the equity claim is triable by the court (see § 253 and 254). It is true that by section 253 it is provided that " whenever in an action for money only, or for *specific, real* or *personal property,* there shall be an issue of fact, it shall be tried by a jury. Now this last section relates to that kind of personal property which was formerly recovered in replevin and now forms the ground of the actions for the recovery of the possession of personal property, and has no reference to claims in equity; several of its provisions are incompatible with such a case, as for example, the fifth subdivision of section 207. For this reason there is a misjoinder.

2. But the 167th section declares what causes of action may be united, among which are,

1st. Classes of actions arising out of contract express or implied. If a note that is *functus officio* and paid up can be recovered at all, it is not by action on contract, but the action is one of tort (see Todd vs. Crookshank, 3 *Johns. Rep.* 432). Again, it is a sufficient objection that there is no contract laid in the complaint to redeliver the note.

2d. The seventh subdivision, which embraces claims against a trustee by virtue of a contract or by operation of law, is also relied on by plaintiffs. This was intended to provide for claims to enforce trusts, properly so called, and has no reference to such a case as this. But,

3d. The sixth subdivision embraces claims to *recover personal property with or without damages for the withholding thereof.* Now if the claim for the redelivery of the notes is embraced within this section, then it certainly excludes the claim for the money demand. The action is peculiar; the issues are different, and the trial, verdict and judgment, are all different in the two cases. The two causes of action can not be united either under the Code or the former practice. Moreover the last clause of this section provides that the causes of action united must all belong to one of these classes. The demurrer is allowed with costs.

The plaintiffs appealed from this decision, and the Supreme Court at a general term held before Justices PRATT, GRIDLEY, ALLEN and HUBBARD, affirmed the judgment. The following is the opinion of the court.

By the Court, ALLEN, Justice.—I think the judgment should be affirmed for the reasons stated in the opinion of the judge given upon pronouncing judgment. It may be said in answer to the ground taken by the plaintiffs on the appeal, to wit: that the complaint is not for two distinct causes of action, *for the reason* that the statement of the plaintiffs' claim in respect to the promissory note does not set forth sufficient facts to constitute a cause of action, so that in truth the only cause of action set forth is upon the money demand; that duplicity does not depend upon the fact that two or more causes of action or defences are

NEW-YORK PRACTICE REPORTS. **137**

well stated. All but one may be defectively and insufficiently stated and yet the pleading be double. If the party sets forth and relies upon more than one cause of action or defence, his pleading will be double, and if they can not under the Code be united, his pleading will be bad upon demurrer (*Bacon's Abr. Pleas, K.;* Kennedy vs. Story, 10 *John. R.* 289; *Mansel on Demurrer,* 68; *citing id.* 176).